People v Herbin (2018 NY Slip Op 03811)





People v Herbin


2018 NY Slip Op 03811


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6699 2500N/13 167N/13

[*1]The People of the State of New York, Respondent,
v
Reginald Herbin, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia P. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at calendar proceedings; Bruce Allen, J. at jury trial and sentencing), rendered April 23, 2015, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of two years, unanimously reversed, on the law, and the matter remanded for a new trial.
The knowing, voluntary, and intelligent waiver of the right to counsel by a defendant who seeks to proceed pro se requires a "searching inquiry" in which the court must communicate to the defendant both the "risks inherent in proceeding pro se" and "the singular importance of the lawyer in the adversarial system of adjudication" (People v Crampe, 17 NY3d 469, 481-82 [2011], cert denied sub nom. New York v Wingate, 565 US 1261 [2012]; see People v Cole, 120 AD3d 72 [1st Dept 2014], lv denied 24 NY3d 1082 [2014]). Neither a defendant's expression of a strong desire to proceed pro se, nor elicitation of information demonstrating the defendant might be relatively capable of doing so, is a substitute for the two above-cited essential components of a searching inquiry, which were all but completely absent here. The relevant portion of the trial court's colloquy with defendant on this subject was essentially limited to warning him that self-representation was a "big mistake" and that the court had seen many pro se defendants convicted after trial.
Even when the record is viewed as a whole, the required inquiry does not appear. Defendant had made several requests for self-representation before a calendar court. However, in each instance the court denied the request on the basis of its initial inquiry about defendant's understanding of the charges, without reaching the stage of the required pro se inquiry at issue on appeal.
Accordingly, defendant is entitled to a new trial. However, the fact that he has served his sentence does not warrant dismissal of the indictment. Since we are ordering a new trial, we find it unnecessary to reach defendant's remaining contention.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK